IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TOWNSELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

GOODEN L. TOWNSELL III, APPELLANT.

Filed April 14, 2026.    No. A-25-463.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed.

Gooden L. Townsell III, pro se.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

FREEMAN, Judge.

INTRODUCTION

Gooden L. Townsell III appeals the order of the district court for Douglas County denying his motion for postconviction relief without an evidentiary hearing. For the reasons explained below, we affirm.

BACKGROUND

Townsell was originally charged with first degree murder, a Class IA felony. A plea agreement was reached and Townsell pled guilty to a reduced charge of second degree murder, a Class IB felony. In furtherance of the plea agreement, the State offered that "if [Townsell] were to plead either guilty or no contest to an amended count of murder in the second degree, the State would agree to request a presentence investigation report."

- 1 -

At the plea hearing, Townsell acknowledged that he is bipolar and has anxiety and manic depression. The district court informed Townsell that he could "plead not responsible by reason of insanity." Townsell confirmed that he discussed all available defenses with his attorney. The district court found Townsell guilty and sentenced him to 45 to 70 years' imprisonment. Townsell appealed, and this court summarily affirmed his sentence. See *State v. Townsell* (No. A-23-615, Nov. 14, 2023).

Townsell, now pro se, filed a motion for postconviction relief, setting forth two claims for relief. First, he claimed that he "did not have effective assistance of counsel." In his motion, Townsell argued that his counsel was ineffective for not "suggestioning [sic] the defense of not guilty by reason of insanity." Townsell points out that he suffered from several mental illnesses and was not on medication. No one requested that he take a psychological evaluation. And the fact that he only took the plea deal for a presentence investigation report showed he had a deteriorated mental capacity.

Second, Townsell claimed his counsel was ineffective by advising him to enter a plea agreement that was not beneficial to him. This second claim was not assigned as error and will not be discussed.

The district court denied Townsell's motion without an evidentiary hearing. The district court reviewed Townsell's argument as a claim that his counsel was ineffective for "not pursuing an insanity defense." The district court denied this claim because Townsell failed to establish that he was not guilty by reason of insanity, how such a defense would have succeeded at trial, and how his counsel would have reason to believe that he should pursue an insanity defense.

Townsell appeals.

## ASSIGNMENTS OF ERROR

Townsell argues, restated, that the district court erred in denying him postconviction relief and denying him an evidentiary hearing by not finding that his constitutional right to assistance of counsel was violated when his counsel failed to assist him in asserting an insanity defense.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

## ANALYSIS

Before we begin, we set out the legal framework for evaluating the denial of postconviction relief. Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Cox*, 314 Neb. 104, 989 N.W.2d 65 (2023). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id.* The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains

factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *Id.*

However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id.* An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

Townsell specifically argues that he had no assistance with his defense because a guilty plea is not a defense. Instead, his counsel should have assisted him with an insanity defense.

The insanity defense requires proof that (1) the defendant had a mental disease or defect at the time of the crime and (2) the defendant did not know or understand the nature and consequences of his or her actions or that he or she did not know the difference between right and wrong. *State v. Brennauer*, 314 Neb. 782, 993 N.W.2d 305 (2023). Bald assertions of insanity, unsubstantiated by a recital of credible facts and unsupported by the record, are wholly insufficient and justify the summary dismissal of a postconviction proceeding. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). The fact that a defendant has some form of mental illness or defect does not by itself establish insanity. *State v. Harms*, 263 Neb. 814, 643 N.W.2d 359 (2002).

Here, Townsell argues that he had a mental illness, which is supported by the fact that he took a plea deal only for the benefit of a presentence investigation report. We agree with the district court that these facts in themselves do not merit postconviction relief.

Further, Townsell's claim is refuted by the record. At the plea hearing, Townsell confirmed that he discussed all available defenses with his attorney. Additionally, he did not accept the plea deal just for a presentence investigation report. His information was amended from a Class IA felony carrying a punishment of life imprisonment to a Class IB felony carrying a punishment of 20 years' imprisonment to life imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024).

Therefore, Townsell did not allege sufficient facts showing that he was entitled to postconviction relief, and his claim is refuted by the record.

CONCLUSION

We conclude that the district court did not err in denying Townsell postconviction relief.

AFFIRMED.